UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CURTIS S. THOMPSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DETECTIVE ROBERT SHILLING, *et al.*, ) <br> ) <br> Defendants. ) <br> _____) | Case No. C05-1600RSL-MJB <br><br> REPORT AND RECOMMENDATION |

On September 19, 2005, plaintiff submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983. Plaintiff appeared to allege in his complaint that his constitutional rights were violated when he was referred to the King County Prosecutor for civil commitment proceedings under the Sexually Violent Predator Act. He further appeared to allege that his constitutional rights were violated when, after prevailing in his civil commitment proceedings and being released from Department of Corrections custody, psychological evaluations from the End of Sentence Review Board, and information regarding uncharged crimes, was sent to the Seattle Police Department and then disclosed to the public.

After reviewing plaintiff's complaint, this Court, on October 25, 2005, issued an Order directing plaintiff to show cause why this action should not be dismissed pursuant to 28 U.S.C.

REPORT AND RECOMMENDATION
PAGE - 1

§ 1915(e)(2)(B)(ii).  The Court noted therein that two of the named defendants, Richard Werner and Anita Paulsen, were not subject to suit under § 1983 because they were acting in their capacity as attorneys for the defender's association at the time they allegedly violated plaintiff's constitutional rights.  *See Polk County v. Dodson*, 454 U.S. 312 (1981)(a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding).

The Court further noted in its Order to Show Cause that plaintiff's claims against the remaining two defendants, Governor Christine Gregoire and Detective Robert Shilling, appeared to challenge the validity of the state statutes which permitted the state to prosecute plaintiff under the Sexually Violent Predator Act, and to notify the public of his status as a sex offender once plaintiff was released from custody.  Plaintiff was advised that, to the extent he intended to challenge the validity of those state statutes, his claims appeared to be foreclosed by prior court decisions which have held various portions of the Washington Community Protection Act constitutional.  *See Young v. Weston*, 192 F.3d 870 (9th Cir. 1999) (stating that the United States Supreme Court's decision in *Hendricks v. Kansas*, 521 U.S. 36 (1997), forecloses the claim that the Washington civil commitment statute, on its face, violates the *ex post facto* clause); *Russell v. Gregoire*, 124 F.3d 1079 (holding that registration and notification provisions of the Act do not violate the Ex Post Facto Clause, the right to privacy, or the Due Process Clause.)

On November 21, 2005, plaintiff filed a response to the Order to Show Cause.   Plaintiff appears to indicate in his response that his intent is to challenge the notification provisions of the Washington Community Protection Act on the grounds that those provisions violate the Ex Post Facto and Due Process Clauses.  However, as noted above, it appears that such constitutional challenges have been foreclosed by prior decisions of the Ninth Circuit Court of Appeals.  Plaintiff makes no showing to the contrary.  Accordingly, this Court recommends that plaintiff's complaint,

REPORT AND RECOMMENDATION
PAGE - 2

1  and this action, be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This Court
2  further recommends that plaintiff's pending request for appointment of counsel be denied. A
3  proposed order accompanies this Report and Recommendation.
4      DATED this 25th day of January, 2006.

/s/ M.J. Benton
MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3